**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Joseph Athias, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  09 C 6895 |
| | ) | |
| Palisades Collection, LLC, a Delaware | ) | |
| limited liability company, | ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Joseph Athias, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.      Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3.      Plaintiff, Joseph Athias ("Athias"), is a citizen of the State of New York, from whom Defendant attempted to collect a delinquent consumer credit card debt, despite the fact that he was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4.      Defendant, Palisades Collection, Inc. ("Palisades"), is a Delaware limited

liability company that acts as a debt collector, as defined by § 1692a of the FDCPA,

because it regularly uses the mails and/or the telephone to collect, or attempt to collect,

delinquent consumer debts.  Palisades operates a nationwide delinquent debt collection

business, and attempts to collect debts from consumers in virtually every state,

including consumers in the State of Illinois.

5.      Defendant Palisades is licensed to conduct business in Illinois and

maintains a registered agent here.  See, record from the Illinois Secretary of State

attached as Exhibit A.

6.      Defendant Palisades is licensed as a collection agency in Illinois.  See,

record from the Illinois Division of Professional Regulation attached as Exhibit B.

**FACTUAL ALLEGATIONS**

7.      Mr. Athias is a senior citizen with limited assets and income, who fell

behind on paying his bills, including a debt allegedly owed originally to Heritage Chase.

When Defendant Palisades began trying to collect the Heritage Chase debt from Mr.

Athias, he sought the assistance of legal aid attorneys at the Chicago Legal Clinic's

LASPD program, regarding his financial difficulties and Defendant Palisades' collection

actions.

8.      On July 23, 2009, one of Mr. Athias' attorneys at LASPD wrote to

Defendant Palisades to inform it that Mr. Athias was represented by counsel, and to

direct Palisades to cease contacting Mr. Athias, and to cease all further collection

activities because Mr. Athias was forced, by his financial circumstances, to refuse to

pay his unsecured debt.  Copies of this letter and fax confirmation are attached as Exhibit C.

9.      Nonetheless, Defendant Palisades sent a collection letter, dated July 28, 2009, directly to Mr. Athias, demanding payment of the Heritage Chase debt.  A copy of this letter is attached as Exhibit D.

10.      Accordingly, on September 27, 2009, Mr. Athias' LASPD attorney had to send Defendant Palisades another letter to cease communications/collections.  Copies of this letter and fax confirmation are attached as Exhibit E.

11.      All of the collection actions at complained of herein occurred within one year of the date of this Complaint.

12.      Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Collections

13.      Plaintiff adopts and realleges ¶¶ 1-12.

14.      Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

15.      Here, the letter  from Mr. Athias' agent, LASPD, told Defendant Palisades to cease communications and collections (Exhibit C).  By continuing to communicate

regarding this debt and demanding payment, Defendant Palisades violated § 1692c(c) of the FDCPA.

16.     Defendant Palisades' violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

17.     Plaintiff adopts and realleges ¶¶ 1-12.

18.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

19.     Defendant Palisades knew that Mr. Athias was represented by counsel in connection with his debts because his attorneys at LASPD had informed Defendant, in writing, that he was represented by counsel, and had directed Defendant to cease directly communicating with Mr. Athias.  By directly sending Mr. Athias the collection letter, despite being advised that he was represented by counsel, Defendant Palisades violated § 1692c (a)(2) of the FDCPA.

20.     Defendant Palisades' violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C.  § 1692k.

**PRAYER FOR RELIEF**

Plaintiff, Joseph Athias, prays that this Court:

1.      Find that Defendant Palisades' debt collection actions violated the

FDCPA;

2.      Enter judgment in favor of Plaintiff, Athias, and against Defendant

Palisades, for actual and statutory damages, costs, and reasonable attorneys' fees as

provided by § 1692k(a) of the FDCPA; and,

3.      Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Joseph Athias, demands trial by jury.

Joseph Athias,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated:  November 3, 2009

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com